## Case No. 11,154.

### In re PIERSON.

[10 N. B. R. 193.] [1]

### District Court, D. Delaware. 1874.

BANKRUPTCY — DISCHARGE — ESTATE LESS THAN FIFTY PER CENTUM OF CLAIMS — ASSENT OF CREDITORS — CLAIMS CONTRACTED PRIOR TO JANUARY 1ST, 1869—AMENDMENT.

1. Where the estate of a bankrupt does not produce fifty per cent. of the proven claims, it is necessary that creditors of a certain class who have proven their claims, should file their assent in writing within a limited time, before the hearing of the specifications filed against the discharge of the bankrupt, in order that he may be discharged from debts contracted since January 1st, 1869.

2. No assent of any class of creditors is necessary to a discharged bankrupt from debts contracted before January 1st, 1869.

3. Creditors of debts contracted before January 1st, 1869, have no voice in opposing discharge of bankrupt from debts contracted since January 1st, 1869.

4. The only class of creditors who can oppose discharge of bankrupt, or withhold their assent from such discharge, on the ground that fifty per centum has not been realized, are those whose debts were contracted since January 1st, 1869.

5. Where there is a majority in number of these creditors and the amounts of value of these debts—filing assent to discharge, this is all the assent of creditors required under the act [of 1867 (14 Stat. 517)] to be given as a condition precedent to discharge of the bankrupt, where fifty per centum is not realized.

6. Where the record does not disclose that there is the requisite number of the proper class of creditors filing assent to discharge, but that issue is made in the specifications against discharge, it is not too late, on a hearing of the specifications, to prove the fact in issue, viz., the existence of the proper number of the right class of creditors filing assent.

---

1 [Reprinted by permission.]

7. While the court might not make an order on the creditors to amend their proofs so as to show the time of the origination of their various claims and parts of claims, it will not refuse the process of the court to the bankrupt to prove a fact on which his discharge depends.

8. There is an active duty imposed on the judge outside and beyond the action and efforts of counsel, to see that thorough justice is done to all the parties concerned—in furtherance of the purposes and policy of the bankrupt act.

9. To this end there is great latitude of amendment permitted, up to the final discharge in bankruptcy.

[In the matter of William H. Pierson, a bankrupt. For the hearing of the specifications of certain creditors of the bankrupt against his discharge, see Case No. 11,153.]

BRADFORD, District Judge. The precise question under discussion on the last day of the hearing of this cause was: should Bauduy Simmons, of the firm of Simmons & Co., creditors of the bankrupt, be permitted to produce his books of original entries, and be otherwise examined as a witness for the purpose of satisfying the court as to the time when the debt of the said firm was contracted. The eleventh specification is in these words: "That the said bankrupt is not entitled to his discharge for the reason that the assets of the said bankrupt are not equal to fifty per centum of the claims proved against his estate and contracted since the 1st day of January, A. D. 1869, upon which he is liable as principal debtor. And that the assent in writing of a majority in number and value of his creditors, to whom he has become liable as a principal debtor for debts contracted since the 1st day of January, A. D. 1869, and who have proved their claims against his estate, has not been filed in this case." The latter part of this specification is traversed or denied in the following words; he says "that the assent in writing of a majority in number and value of his creditors, to whom he has become liable for debts contracted since the 1st day of January, 1869, and who have proved their claims against his estate, has been filed in this cause, as appears by certificates of said creditors filed in the cause." Now, here is a direct and specific issue joined, viz., whether the majority in number and value of creditors, of a certain class, having proven their claims, had filed their assent to the discharge of the bankrupt. There are conflicting decisions on this point, viz., whether a creditor whose debt was contracted before the 1st day of January, 1869, has any voice or can be counted in assenting to or withholding his assent from a discharge, where assets of the bankrupt do not equal fifty per centum of the claims proven against him. Now, while by the act of July 14, 1870 [16 Stat. 276], the act of July 27, 1868 [15 Stat. 227], was amended so as to apply the fifty per centum clause, aforesaid, only to those debts contracted for before January 1st, 1869, yet the provision of law was not formally repealed, providing for the mode and the persons by whom assent should be given to or withheld from this discharge, if the fifty per centum were not raised by the bankrupt. Justice Ballard, of Kentucky, in Re Shower [Case No. 12,816], decides that all the creditors have a voice in such discharge, and stands on what he considers the unrepealed letter of the law; while Justice Cadwalader, in Re Hershman [Id. 6,430], decides that a majority in number and value of creditors whose claims were contracted since January 1st, 1869, are sufficient to give assent to discharge, where assets are not sufficient to give the right to such discharge without such assent. It is supposed in this case that there was a virtual repeal of the power of creditors whose debts had been contracted before January 1st, 1869, to give or withhold their assent to the discharge of the bankrupt, and that the power had been confined to creditors whose claims were contracted since that time; and it suggested that it would appear contrary to the policy and intention of the bankrupt law, if creditors from whose debts the bankrupt could be discharged without any assets whatever, should have a right to prevent his discharge from other debts of creditors of another class, when a majority in number and value of such creditors have filed such assent. Now, if Judge Ballard is right in his decision, there is an end of the question before the court; for, without distinguishing between the two classes, there is a majority in number and value of the creditors who have filed assent; the question, then, of the time of the contracting of the debts is absolutely immaterial.

Without deciding on the merits of these two conflicting decisions, I shall adopt Judge Cadwalader's as the correct one; and I shall assume, then, for the purposes of this case, that the creditors having proven their claims, who are entitled to give their assent to his discharge, notwithstanding the insufficiency of the estate to equal the fifty per centum aforesaid, are creditors of a certain class or description only, viz., creditors whose debts have been contracted since January 1st, 1869; and if it appears that there are any debts, however small, contracted since that time, in the absence of assets amounting to fifty per centum of claims proven against the estate, the bankrupt cannot be discharged unless the assent of creditors having right to give assent appears to be proven in the cause. It does appear of record that there are claims contracted since that date, and the estate has not produced the fifty per centum, aforesaid. The record, so far, does not disclose the fact that these creditors who have proved their claim and filed their assent, are of that class having the right to give the assent required. Now, direct issue is joined on that question, in ipsissimis verbis. The objection, therefore, that the evidence sought to be introduced is

not admissible because it does not sustain the issue, must be abandoned.

Waiving, for the present, all matters as to the sufficiency of proof of claim by the creditors before the register, the question arises: If it be true, in point of fact, that these creditors who filed their assent were entitled to do so, were of the class whose debts had been contracted since January 1st, 1869 —on what principle, and for what valid reason, should not that fact be proven? It is admitted by the opposing creditors, that this fact should be proven, for the eleventh specification is grounded on the supposition, not simply that it has not been proven, but that the allegation is not true in point of fact; and the objection is, not that the fact might not be proven true in the course of this trial if evidence were allowed to prove it, but that the time is past for such proof. If the fact of the time of contracting the debts of the creditors having proved their claims and filed their assent, is not determined by the proof in the cause before this hearing—say the opposing creditors—it cannot be aided or supplemented by any proof taken now. That is to say, that, although it is true that the creditors of the right class did file assent, and such assent is essential to the discharge of the bankrupt, and such creditors have proven their claims in a proper maner, yet that the said creditors cannot now, after specifications against the discharge have made this a precise issue to be settled on this trial of fact, give evidence to sustain this issue, because the fact sought to be proven has not been fully proven before—is a proposition to which I cannot give my assent.

If the law requires the existence of a certain state of facts as conditions precedent, the parties to be affected by the performance of those conditions must stand or fall by the actual state of fact which constitute the conditions precedent. Now, one condition precedent to the bankrupt's discharge in certain circumstances, is filing the assent of creditors of a certain class, and, all other requisite acts performed and objections removed, he is entitled to his discharge, if the assent of such a class of creditors is filed. There is no attempt to alter any state of facts constituting conditions precedent, by the performance or non-performance of which the rights of any of the parties concerned are affected. It is only proposed judicially to ascertain the existence or non-existence of a given fact—that fact essential to the discharge of the bankrupt. Astute and able as was the argument of the counsel for the opposing creditors, it has failed to convince me of the impropriety or illegality of the evidence proposed to be offered by Mr. Bauduy Simmons.

I shall notice somewhat in detail the arguments of counsel:

First. It is alleged that the evidence is improper, because it is not applicable or confined to the issue. As already said, an examination of the specifications and answers— the pleadings in the case—will be sufficient to clear up that point.

Second. It is objected that the bankrupt is bound by his statements in his schedule of debts, and is estopped from denying its absolute correctness. When we consider that this was the declaration of a partner made as to the existence of debts against the firm, in reference to the time of its being contracted, in which he makes a statement, "so far as it was possible for him to ascertain" (using his own language); and when we further consider that he was not the active financial member of the firm, as has been proven, it would be contrary to all equitable principles and the policy of the bankrupt law, which permits the correction of all mistakes up to the latest period before discharge, to hold him unalterably to such statement. Nor do we think that any principle of estoppel can have any just application in this place. There has been no positive statement of his own knowledge as to the time of the contracting of the debts; he only stated so far as it was "possible for him to ascertain." The principle of estoppel is, that some one must have acted on the faith of a declaration, which declaration shall not be permitted to be withdrawn, to the injury of the person who has acted upon it. Now, supposing the statement of time had been an absolute one made of his own knowledge, what have Messrs. Harris & Devou done on the faith of that statement by which they would be damaged if the bankrupt should be permitted to withdraw the statement? We cannot see, and therefore cannot see the operation of the principle of estoppel.

It is alleged that the issue in this case is made out of the condition of the record at or before the time of hearing; that nothing can be done to perfect or amend it. Now, this is precisely the question to be determined, and not assumed. The issue is not whether the record discloses the fact of the time of contracting those debts; but whether the debts were, in point of fact, contracted at a particular time or not. The issue is one of fact, not one of law. The record, so far, does not disclose the fact. Can we now prove the fact, and let the record disclose such proof hereafter? We cannot now invest a creditor with power of which he was not possessed at the time of filing assent to discharge. But I have no doubt we can prove that fact, if it exist, and place the proof on record.

It is objected that Simmons cannot be examined as a witness, because it is arriving at the same result as would have been arrived at by an order of the court on the creditors to come in and perfect their proof— which order the court indicated that it would refuse. The answer to this is a simple one. It by no means follows that because a court would not make an order for the purpose

above stated, it would deny the use of process to the bankrupt to prove by witnesses facts necessary to maintain the issue joined, and facts necessary to his discharge.

It is objected that "the assent proven in the cause must have reference to the claim as proven at the time of filing the assent; and the record must stand as evidence of what the party assented to, at the time of filing his assent." The assent filed in the cause must have been given by a creditor entitled to give it. The proofs of claim made by Simmons & Co., Lane & Weldin, and Tatnall & Co., disclose claims originating in 1868; but not excluding the fact that a portion of the indebtedness might have originated since the 1st of January, 1869. Now, we do not think that the record of proofs filed is a conclusive statement that no portion of those claims originated since January 1st, 1869; and even if the creditors believed at the time of proving claims and filing assent, that such was the fact, do we think that it is inadmissible now, to correct such a mistake, if it be one. The right to file assent depended on the creditor's belonging to a certain class, and his assent is operative according to the fact of his belonging, or not belonging, to that class; and not dependent on a mistaken statement as to time of the contracting of the debt, when he filed his formal proof of debt as a creditor.

Objection is made to supplying fatal defect in record by oral proof. I think such proof can be made, that it will explain and make clear a part of the record which is doubtful as to its full meaning, and that this proof can be incorporated into and made part of the record in this case.

It is further objected that the creditor has had his day in court, and it is too late to amend his proof. Even if the creditor were seeking to amend his proof for his own benefit in the fund to be distributed were there assets, it would not be too late; for the bankrupt law contemplates all amendments to the last stage up to the discharge in bankruptcy, which will accomplish the purposes and objects of the law. But this is not a matter in which it can be properly said that these creditors have, or have not, a day in court. Shall they obey the process of the court to testify on a matter in behalf of the bankrupt which is involved in the issue joined?—that is the question.

It is said the creditors cannot be here to avoid a result fatal to the bankrupt, already incurred. The answer to this may be made by the following quære: Has this fatal result been incurred? If the assent filed has been the assent only of creditors before 1869, then the fatal result has been incurred; if not, it has not been incurred, and the present inquiry is to determine that question.

It is also objected that no assent of creditors who have proved their claims, has been filed; for said claims were not itemized, as might have been required on a contest between the creditors or assignee in case of as-

sets. I have no doubt whatever, that these claims have been sufficiently proven to lay the ground of right in the creditor to file his assent. And supposing the result of this testimony is to discharge the bankrupt, and thus affect the prospective rights of those creditors to collect their debts, the court is not to be deterred from giving what it conceives a proper construction to the act, to avoid that result—this is the result of every discharge in bankruptcy.

These proceedings are not simply and alone in the hands of counsel employed in the cause—the court has an active duty imposed on it. It is to see that the rights of all parties, creditors and bankrupts, are preserved. The widest powers, legal and equitable, are vested in the court for this purpose; and a latitude of amendments is permitted to effect the purposes of the act up to the discharge in bankruptcy. I should, therefore, have no hesitation, were it not done at the suggestion of counsel, to have the written deposition of these proving creditors taken and filed in this cause as forming grounds for basing the future action of the court thereon.